# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**  County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
    Plaintiff
- ☐ 2   U.S. Government
    Defendant
- ☐ 3   Federal Question
    *(U.S. Government Not a Party)*
- ☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1   Original
    Proceeding
- ☐ 2   Removed from
    State Court
- ☐ 3   Remanded from
    Appellate Court
- ☐ 4   Reinstated or
    Reopened
- ☐ 5   Transferred from
    Another District
    *(specify)*
- ☐ 6   Multidistrict
    Litigation -
    Transfer
- ☐ 8   Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHERINE SIMMONS, individually and on behalf of all similarly situated employees, | § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO.  17-cv-3818 |
| HUDSON AND MARSHALL, LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## COLLECTIVE ACTION COMPLAINT

1.      Plaintiff Catherine Simmons brings this suit under the Fair Labor Standards Act ("FLSA") to recover overtime wages from her former employer, Hudson and Marshall, LLC ("Defendant").  *See* 29 U.S.C. §§ 207(a)(1), 216(b).  Plaintiff seeks relief on behalf of herself and all other current and former employees who are similarly situated.

### JURISDICTION

2.       The Court has jurisdiction because Plaintiff's claim arises under the FLSA.

### VENUE

3.      Venue is proper in the U.S. District Court for the Southern District of Texas – Houston Division because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.  *See* 28 U.S.C. § 1391(b)(2).

### PARTIES

4.      Plaintiff is an individual residing in Katy, Texas.

5.      Defendant is a limited liability company organized in Delaware and doing business in Texas.  Defendant may be served through its registered against, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## COVERAGE

6.     At all times relevant, Defendant employed two or more employees and had an annual dollar value of sales made, or business, of at least $500,000.

7.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce.

8.     At all times relevant, Defendant had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

9.     Defendant was Plaintiff's employer from January 1998 to September 29, 2017.

10.     After nearly 20 years of service, Defendant terminated Plaintiff in an alleged one-person reduction-in-force on September 29, 2017.

11.     At all times relevant, Defendant paid Plaintiff an alleged salary that was meant to serve as compensation for a 40-hour workweek.

## BACKGROUND FACTS

12.     Defendant sells individual real estate properties on behalf of its clients.

13.     Plaintiff worked for Defendant as a Bid Coordinator.

14.     Defendant requires its Bid Coordinators to be licensed real estate agents.

15.     Plaintiff was a licensed real estate agent when she worked as a Bid Coordinator for Defendant.

16.     The Bid Coordinator's primary duty is to sell individual real estate properties on behalf of Defendant's clients.

## VIOLATION OF THE FLSA

17.     Plaintiff consistently worked between 55 - 65 hours a week for Defendant during the last three years of her employment with Defendant.

2

18.     Defendant classified Plaintiff as exempt from the FLSA's overtime-pay requirement.

19.     Defendant did not pay Plaintiff 1.5 times her regular rate of pay for each hour she worked over 40 each week during the three-year period immediately preceding the filing of this lawsuit.

20.     Defendant owes Plaintiff 1.5 times her regular rate of pay for each hour she worked over 40 each week during the three-year period immediately preceding the filing of this lawsuit.

21.     Defendant owes Plaintiff liquidated (double) damages in the same amount as the overtime wages it owes Plaintiff.

22.     Plaintiff is entitled to an award of reasonable and necessary attorneys' fees and costs related to the prosecution of this lawsuit.

## COLLECTIVE ALLLEGATIONS

23.     Plaintiff incorporates the prior allegations in this Complaint and restates them here as collective-action allegations on behalf of Plaintiff and all current and former employees who are similarly situated.

24.     Defendant employed several individuals who performed the same or substantially similar job duties as Plaintiff over the three-year period immediately preceding the filing of this lawsuit.

25.     Defendants failed to pay these individuals 1.5 times their regular rates for each overtime hour they worked over 40 each week during the three-year period immediately preceding the filing of this lawsuit.

26.     Plaintiff hereafter refers to herself and these individuals as the "Collective Members."

27.     The Collective Members often worked more than 40 hours per week without receiving 1.5 times their regular rates for each overtime hour they worked throughout the three-year period immediately preceding the filing of this lawsuit.

28.     Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All Employees Who Worked On The Sale Of Individual Real Estate Properties And Who Were Not Paid Time-And-A-Half for Overtime Hours (Hours Over 40) During Any Week from December 19, 2014 to the Present.

29.     Plaintiff reserves the right to expand or constrict the proposed collective definition when Plaintiff files her motion to facilitate notice to the putative collective members.

30.     Plaintiff further reserves the right to amend her Complaint to add state-law claims for wage-related violations when current or former employees from other states join this action.

31.     Defendant owes the Collective Members 1.5 times their regular rates of pay for each hour they worked over 40 each week during the three-year period immediately preceding the filing of this lawsuit.

32.     Defendant owes the Collective Members liquidated (double) damages in the same amount as the overtime wages it owes them.

33.     The Collective Members are entitled to an award of reasonable and necessary attorneys' fees and costs.

## **WILFULL VIOLATION**

34.     Defendant willfully violated the FLSA. Defendant either knew it should pay the Collective Members 1.5 times their regular rates of pay for each overtime hour worked or Defendant showed reckless disregard for whether it should do so.

## JURY DEMAND

35.    Plaintiff requests a jury trial on liability and damages.

## PRAYER FOR RELIEF

Plaintiff Catherine Simmons demands a judgment for herself and all similarly situated individuals against Defendant Hudson and Marshall, LLC for the following:

a.   Unpaid overtime wages;

b.   Liquidated damages in the same amount as the overtime wages;

c.   Prejudgment interest in the event liquidated damages are not awarded;

d.   Reasonable attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure;

e.   Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f.   Any other relief the Court finds proper, whether at law or in equity.

Respectfully submitted,

THE CLIFFORD LAW FIRM, PLLC

By:    s/ Dennis A. Clifford
Dennis A. Clifford
Tex. Bar No. 24050431
S.D. Tex. No. 611330
712 Main Street, Suite 900
Houston, TX 77002
713-999-1833 – Telephone
866-232-0999 – Facsimile
dennis@cliffordemploymentlaw.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
CATHERINE SIMMONS AND ALL NAMED AND
OPT-IN PLAINTIFFS

5